91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Virgel E. FLEMISTER, Plaintiff-Appellant,
v.
Shirley S. CHATER,** Commissioner, Social
Security Administration Defendant-Appellee.
 No. 94-15082.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Virgel E. Flemister appeals pro se the district court's summary judgment in favor of the Commissioner in Flemister's action seeking disability insurance benefits pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 423. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A district court's summary judgment upholding a denial of benefits is reviewed de novo. Andrews v. Shalala, 53 F.3d 1035, 1039 n. 1 (9th Cir.1995). The decision of the Commission must be affirmed, however, if it is supported by substantial evidence and the Commissioner applied the correct legal standard. See Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir.1991).
 
 
 4
 Flemister contends that the district court erred in granting summary judgment for the Commissioner because Flemister established that he was disabled prior to the date his disability insured status expired. This contention lacks merit.
 
 
 5
 In order to obtain disability benefits, Flemister must establish that he became disabled prior to his last insured date. See 42 U.S.C. § 423(c). The claimant bears the burden of proof on this issue. See Morgan, 945 F.2d at 1080.
 
 
 6
 Here, Flemister contends that he became disabled due to Post-Traumatic Stress Disorder ("PTSD") in October, 1979. Substantial evidence supports the ALJ's conclusion that Flemister failed to establish that he was disabled before his eligibility for disability insurance expired on December 31, 1984. See id. Flemister submitted a medical report dated May 8, 1990 in which his physician states that Flemister has been suffering from PTSD to some extent since his combat experiences during the Korean War and that Flemister is presently more "symptomatic." The physician did not, however, find that Flemister became disabled due to PTSD at any time before December 31, 1984.[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 In accordance with section 106(d) of the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Flemister's motion to add the Hawaii Department of Human Services as an appellee is denied
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Flemister's additional contention that the district court erred in discounting for remoteness an after-the-fact psychiatric diagnosis. See Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir.1984)